Judge Marshall

delivered the opinion of the Court.
This action was brought by Prather, the assignee, against Passmore, the assignor, to recover the amount of a note which the former had failed to recover from Vanover, the obligor.
On an agreed case submitted to the Court, a judgment was rendered in favor of the plaintiff: for the reversal of which, Passmore prosecutes a writ of error.
Judgment was obtained on the assigned note, by confession, and without previous service of process, at the first term after it was due. That term terminated on the 11th of April, 1836. On the 26th of the same month, an execution was ordered, and on the 5th of May, one was issued, returnable about the middle of July. It was put into the hands of the sheriff on the 7th of May, and *58 on the 12th of August, was returned 'no property found. On the 3d of October, a second execution was issued on the same judgment, which was also returned 'no property found.' We think this delay in attempting to carry the judgment into execution, must, without explanation, be considered unreasonable. And although, as judgment was in fact obtained at the first term, the failure of the plaintiff to bring any suit, and his reliance on the obligor to confess judgment, were not of themselves sufficient to release the assignor, yet, when coupled with the dilatoriness of the subsequent proceedings, they corroberate the inference, that the assignee was negligent in pursuing the remedy for the coercion of the debt. And when it is added, that the agreed case shows that, an execution which came to the sheriff’s hands at the same time with the first one issued on the plaintiff’s judgment, was levied on Vanover’s interest in a negro boy, the sale of which produced an excess sufficient, or nearly so, to satisfy the plaintiff’s judgment. And that, upon other executions issued subsequently, property of Vanover was sold to an amount equal to the plaintiff’s demand, we think the conclusion is sufficiently established, not only that the plaintiff did not use due diligence, but that the failure to collect the debt was probably owing to his negligence, or to such a failure of duty on the part of the sheriff, as would render the latter liable for it. The counsel, for the plaintiff, it is true, suggests, in his brief, that the interest of Vanover in the negro boy was not subject to execution. But the agreed case does not state this fact, and authorizes the opposite presumption. No effect can, therefore, be given to the suggestion in this Court.
The omissions & delays above indicated, unexplained, with the additional fact, that a sum sufficient to satisfy the debt, was made by executions issued at the same time with that in this case, and subsequently—release the assignor; and may render the sheriff liable.
The fact that, an assignor had property of the debtor, in his hands, which he delivered up, to be levied on, to satisfy other debts (if material) is counteracted by the fact that, he did not then know that the assigned debt remained unpaid.
It appears from the agreed case, that the negro boy above referred to, was in the possession of Passmore on hire, from the 15th of June, 1836, and was by him surrendered to the sheriff, that the interest of Vanover might be sold to satisfy an execution against Vanover and Passmore as his security. But as it is also stated in the agreed case, that Passmore was ignorant that the note assigned by him to the plaintiff, was unsatisfied, until October following, when Vanover left the state, we do not *59 perceive that the facts just stated can have any effect, if under other circumstances they would be entitled to any.
Upon the whole case, we are of opinion, that it does not appear that the plaintiff has used due diligence in proceeding against the obligor in the assigned note, and that judgment should not have been rendered for, but against, him on the agreed case.
Wherefore, the judgment is reversed, and the cause remanded, with directions to render judgment for the defendant on the agreed case.